D. Maimon Kirschenbaum
Denise Schulman
Michael DiGiulio (pending admission)
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANDREW GLEASON, on behalf of himself
and others similarly situated,

                      Plaintiff,

      v.

VALU AUTO, LLC,

              Defendant.
-------------------------------------------------------x

Case No.

<u>COMPLAINT</u>  3:25-cv-444 (BKS/MJK)

FLSA COLLECTIVE ACTION AND RULE
23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Valu Auto, LLC ("Defendant") is a New York limited liability company whose principal place of business is located at 113 Southside Drive, Owego, New York 13287.

4.      Defendant is a towing company.

5.      Defendant has an annual revenue in excess of $500,000.

6.      Defendant has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

7.      Plaintiff Andrew Gleason has been employed by Defendant as a tow truck driver from 2022 to September 2023 and from February 2024 through the present.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8.      Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tow truck drivers employed by Defendant on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9.      At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to pay them the proper overtime rate. The FLSA claim of Plaintiff stated herein is essentially the same as those of the other FLSA Collective Plaintiffs.

10.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11.     Plaintiff brings the state law wage and hour Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23 on behalf of all New York tow truck drivers employed by Defendant on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

12.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

13.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than 60 (60) members of the Class.

14.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay the correct overtime wage, failing to pay the agreed rate for all hours worked, and failing to provide required wage notices and correct wage statements. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

16.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by

addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17.    Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendant employed Plaintiff and the Class members within the meaning of New York law.

b)    At what common rate, or rates subject to common methods of calculation, were and is Defendant required to pay Plaintiff and the Class members for their work.

c)    Whether Defendant paid Plaintiff and the Class members their agreed rate for all hours worked.

d)    Whether Defendant paid Plaintiff and the Class members the correct overtime rate for all hours worked over forty (40) hours in a workweek.

e)    Whether Defendant provided Plaintiff and Class members with the proper wage notices/statements.

## FACTS

19.    Plaintiff's Consent to Sue form is attached as Exhibit A.

20.    Defendant committed the following alleged acts knowingly, intentionally and willfully.

21.    Defendant knew that the nonpayment of all wages owed, including overtime wages, and the failure to provide legally adequate wage notices and statements would economically injure Plaintiff, the FLSA Collective Plaintiffs, and members of the Class and violate federal and state laws.

22.    Defendant owns and operates a tow truck company.

23.    Plaintiff worked for Defendant as a tow truck driver from 2022 to September 2023 and from February 2024 through the present.

24.    Plaintiff works out of Defendant's Liverpool, New York facility, located at 7708 Maltlage Drive, Liverpool, NY 13088.

25.    Defendant employees approximately 100 tow truck drivers at any given time.

26.    Plaintiff's job duties included, but were not limited to, driving a tow truck, hooking up and hauling broken down vehicles, and responding to calls and requests for towing services.

27.    Plaintiff worked exclusively within New York State. Defendant never required Plaintiff to respond to a call or tow a vehicle in any other state other than in New York State.

28.     Defendant agreed to pay Plaintiff pursuant to an hourly rate of pay. In 2024, Defendant agreed to pay Plaintiff $22.00 per hour.

29.     However, throughout the entirety of Plaintiff's employment, Defendant failed to pay Plaintiff for every hour that he worked and never paid Plaintiff for any of the overtime hours that he worked.

30.     Plaintiff routinely worked 5-6 days a week, 8-10 hours a day, for a total of 40-60 hours a week.

31.     For example, during the week of August 19-25, 2024, Plaintiff worked 57 hours. Thus, Plaintiff was entitled to be paid $1,441 for this week (40 regular hours * $22.00 ($880) + 17 overtime hours * $22.00 * 1.5 ($561)). Instead, Defendant paid Plaintiff for only his 40 regular hours that he worked for a total of $880.

32.     Defendant never provided Plaintiff with wage statements reflecting all of the regular and overtime hours he worked and his regular and overtime rates of pay. Defendant's failure to provide Plaintiff with wage statements that reflected the actual hours he worked injured Plaintiff's ability to advocate for himself and show that he was not paid the correct amount for all of the time that he worked.

33.     Further, had Defendant included all of his work hours on his wage statements, Defendant would likely have actually paid Plaintiff for all of the hours he worked. Thus, as a result of Defendant not including all of the hours he worked on his wage statements, Plaintiff was underpaid.

34.     In addition, Defendant never provided Plaintiff with a written wage notice stating his hourly compensation rate or his overtime compensation rate.

35.    As a result of Defendant's failure to provide this notice, Plaintiff's ability to advocate for himself is harmed. To be sure, because Defendant failed to provide Plaintiff with a wage notice as required by law, when Plaintiff complained to his managers about not being paid overtime, he was unable to get Defendant to acknowledge that he was owed an overtime rate for hours worked over 40 in a week or that he was owed his hourly compensation for every hour that he worked. As a result, Plaintiff was underpaid. Had Defendant provided Plaintiff with a legally adequate wage notice that included Plaintiff's regular rate of pay and overtime rate of pay, Plaintiff would have been, and would now be, in a better position to assert that Defendant pay him for the regular and overtime hours that he is owed and to be legally compensated for his work.

36.    Defendant committed the foregoing acts against Plaintiff, the FLSA Collective Members, and the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

37.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

38.    Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

39.    At all relevant times, Defendant operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and the other FLSA Collective Plaintiffs the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

40.     At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

41.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.,* N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

42.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs.

43.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

44.     Throughout the Class Period, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

45.     As a result of Defendant's willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(New York Unpaid Wages/Unlawful Deductions, N.Y. Lab. L. §§ 191, 193, 198)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

46.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47.     Defendant knowingly and intentionally failed to pay Plaintiff and the Class Members their agreed rates of pay for every hour that they worked.

48.     As a result of Defendant's willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
### (Brought By Plaintiff on Behalf of Himself and the Class)

49.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

50.     Defendant did not provide Plaintiff and members of the Class with the wage notices/statements required by N.Y. Lab. Law § 195(1), (3).

51.     As a result of Defendant's unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages in amount to be determined at trial and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Designation of Plaintiff as Representative of the FLSA Collective;

C.      Designation of this action as a class action pursuant to F.R.C.P. 23.

D.      Designation of Plaintiff as Representative of the Class.

E.      An award of damages, according to proof, including liquidated damages, to be paid

by Defendant;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198,

663 and other applicable statutes;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just

and proper.


Dated:  New York, New York              Respectfully submitted,
        April 10, 2025
                                        JOSEPH & KIRSCHENBAUM LLP


                                        By: */s/ Denise A. Schulman*
                                            D. Maimon Kirschenbaum
                                            Denise A. Schulman
                                            Michael DiGiulio (pending admission)
                                            32 Broadway, Suite 601
                                            New York, NY 10004
                                            Tel: (212) 688-5640
                                            Fax: (212) 981-9587

                                        *Attorneys for Named Plaintiff, proposed*
                                        *FLSA Collective Plaintiffs, and proposed*
                                        *Class*

11

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.