JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

July 15, 2025

**VIA ECF**

Honorable Mitchell J. Katz
United States District Court
Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton St.
Syracuse, NY 13261

> **Re:    Gleason v. Valu Auto, LLC, Case No. 3:25-cv-00444 – Plaintiff's Letter Requesting A Pre-Motion Conference**

Dear Judge Katz:

We represent the Plaintiff in the above-captioned case and write pursuant to this Court's Local Rule 7.1(a)(2) to request a pre-motion conference on Plaintiff's anticipated motion for conditional certification of a collective action under 29 U.S.C. § 216(b). Plaintiff directs this pre-motion letter request for a conference to your Honor because under Local Rule 7.1(a)(2), all non-dispositive motions are designated to the Magistrate Judge assigned. A motion for conditional certification under the FLSA is a non-dispositive motion. *See e.g., Reid v. A-Plus Care HHC Inc.*, Case No. 23 Civ. 1163, 2025 U.S. Dist. LEXIS 116449, at *11-12 (S.D.N.Y. June 18, 2025). As such, your Honor has the authority to rule on this motion.[1]

In the anticipated motion, Plaintiff will respectfully request that the Court (1) conditionally certify an FLSA collective consisting of New York based tow truck drivers that worked for Defendant's tow truck company on or after April 10, 2022; (2) order Defendant to produce certain identifying information about potential Opt-In Plaintiffs to facilitate the dissemination of notice of this action; and (3) approve Plaintiffs' proposed notices and plan of notice.

## Background

Plaintiff worked for Defendant as tow truck driver. Plaintiff alleges Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him and other tow truck drivers an overtime

---

[1] Per Local Rule 7.1(a)(2) subsequent to the July 9, 2025 Initial Conference, the parties conferred via email and Defendants took the position that, based on the reasoning articulated at the Initial Conference, they would not consent to conditional certification of an FLSA collective.

premium for all overtime hours worked. *See* Complaint, Dkt. No. 1. Specifically, although the FLSA requires employers to pay employees one and a half times their regular rate for hours worked in excess of 40 per week, 29 U.S.C. § 207(a), Plaintiff contends that Defendant paid its tow truck drivers their regular rate for overtime hours worked or did not pay them at all for the overtime hours they worked.

### Legal Standard for Conditional Certification Under 29 U.S.C. § 216(b)

The FLSA contemplates the maintenance of collective actions by similarly situated employees. 29 U.S.C. § 216(b).  Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Alonso v. Uncle Jack's Steakhouse, Inc.*, 648 F. Supp. 2d 484, 489 (S.D.N.Y. 2009).

"Although the Second Circuit has never offered a definitive standard for the conditional certification of collective action under the FLSA, it has 'endorsed' a widely accepted two-step approach." *Ahmed Hegazy v. Halal Guys, Inc.,* No. 22 Civ. 1880, 2022 U.S. Dist. LEXIS 159160, at *5 (S.D.N.Y. Sept. 1, 2022). "The first step — the current stage of this litigation — requires the district court to determine whether 'similarly situated' potential plaintiffs exist who should receive notice of the pending FLSA action and opportunity to join it as plaintiffs." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777, at *8, (S.D.N.Y. Sep. 16, 2013) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). At the second stage, following the completion of discovery, a court will "determine whether a collective action may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *8, (quotations omitted).

At the first stage, a plaintiff "need only make a modest factual showing that [they] and other potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Martinez v. JVA Indus.*, No. 20 CV 7977, 2021 U.S. Dist. LEXIS 66761, at *6, (S.D.N.Y. Apr. 6, 2021) (internal quotation marks omitted). "Plaintiff's burden at the conditional certification stage is 'minimal.'  Plaintiffs can meet this burden by showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id*. at *7 (internal quotation marks and citations omitted). A plaintiff can make the necessary modest factual showing "by relying on plaintiffs' own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.  Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *9-10, (internal quotations and citations omitted).

"The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations at this stage." *Ahmed Hegazy,* 2022 U.S. Dist. LEXIS 159160, at *6 (internal quotation omitted). "As a result, evidence submitted by defendants disputing the facts alleged by plaintiffs do not undermine the modest factual showing that plaintiffs are required to show at this stage of the litigation." *Id.* (internal quotation omitted). "This is a low standard of proof, and if the Court determines that 'similarly situated' employees exist, it will conditionally

2

certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action." *Id.* at 6-7 (internal quotation omitted).

### **All New York Based Tow Truck Drivers Were Similarly Situated to Plaintiff**

Here, Plaintiff will be able to sustain his "minimal" burden of "showing that there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Martinez v. JVA Indus.*, 2021 U.S. Dist. LEXIS 66761, at *7. With respect to the overtime claim, Plaintiff will submit evidence that shows that (1) Plaintiff and other putative collective members worked overtime and (2) Plaintiff and other putative collective members were not paid an overtime premium for their overtime hours worked. *See*, *e.g.*, *Ahmed Hegazy*, 2022 U.S. Dist. LEXIS 159160, at *8 (certifying a collective action for FLSA overtime claims when plaintiff identified a single co-worker who worked overtime and was not paid at all or was not paid at the overtime rate); *Bocel v. Patzeria Family & Friends Inc.,* No. 21 Civ. 7384, 2022 U.S. Dist. LEXIS 69979, at *6-7 (S.D.N.Y. Apr. 15, 2022) (certifying a collective action for FLSA overtime claims when plaintiff identified other employees who were paid a fixed salary, worked more than 40 hours in a week, and were not paid overtime); *D'Arpa v. Runway Towing Corp.*, Case No. 12-CV-1120, 2013 U.S. Dist. LEXIS 85697, at *8-10, 60-61 (E.D.N.Y. June 18, 2013) (explaining that the court had conditionally certified a collective of tow truck drivers for FLSA overtime claims).

Importantly, Defendants' argument that the Federal motor carrier exemption to the overtime pay requirements applies to Plaintiff and the putative collective members is not relevant to conditional collective certification. The motor carrier exemption is an affirmative defense, which is a merits issue that the parties vigorously dispute, and thus it has no bearing on this conditional certification motion. *See Rodny v. Casella Waste Sys., Inc.*, Case No. 2:21-cv-00196, 2023 U.S. Dist. LEXIS 9290, at *14-15 (D.Vt. Jan. 19, 2023) (collecting cases) ("Generally, courts do not address affirmative defenses at the first step of the certification process."). Unsurprisingly, other courts in this Circuit have certified conditional collectives in cases where a defendant asserts the motor carrier exemption as an affirmative defense. *See. e.g., D'Arpa*, 2013 U.S. Dist. LEXIS 85697, at *8-10, 20-38, 60-61; *Rodny*, 2023 U.S. Dist. LEXIS 9290, at *13-16 (certifying FLSA collective action and rejecting Defendants' argument that the motor carrier exemption prohibits conditional certification).

For the reasons contained herein, the Court should grant Plaintiff's request for a pre-motion conference and grant Plaintiff's motion for conditional certification under 29 U.S.C. § 216(b). Plaintiff is prepared to file this motion quickly and requests the Court to set a briefing schedule with Plaintiff's opening brief due within three weeks. We thank the Court for its consideration of this matter.

Respectfully submitted,

JOSEPH & KIRSCHENBAUM, LLP

/s/ Michael DiGiulio
Michael DiGiulio

3

32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiff, Opt-In Plaintiffs, and
the proposed Collective and Class*